STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1219

MID-CITY AUTOMOTIVE, LLC

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY

Judgment Rendered: **MAY 1 1 2020**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 653,066

Honorable William A. Morvant, Judge Presiding

* * * * *

Larry S. Bankston
Jenna H. Linn
Baton Rouge, LA

Attorneys for Plaintiff-Appellant,
Mid-City Automotive, L.L.C.

Paul E. Schexnayder
Baton Rouge, LA

Attorney for Defendant-Appellee,
Louisiana Department of Public
Safety and Corrections, Office of
State Police

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Penzato, J., concurs

**HIGGINBOTHAM, J.**

Plaintiff, Mid-City Automotive, L.L.C. ("Mid-City") appeals the district court's affirmation of a decision of the Administrative Law Judge upholding a suspension of its license for the storage of motor vehicles by the Department of Public Safety and Corrections, Office of State Police ("Office of State Police").

## FACTS AND PROCEDURAL HISTORY

Mid-City operates a towing company in New Orleans that conducts nonconsensual tows of vehicles from private property under storage inspection license #15-36-MI087885.[1] In 2015, Mid-City received three citations from the Office of State Police for violations of LAC 55:I.1930, which regulates the towing of vehicles from private property. For the first two citations, fines were assessed under LAC 55:I.1907(A)(4). Following the third citation issued by the Office of State Police, Mid-City was informed by letter from the Department of Public Safety and Corrections that it was the decision of the Secretary to suspend its license to store motor vehicles, under the authority of LAC 55:I.1907(A)(5), for thirty days.

In the letter, Mid-City was informed of its right to an administrative hearing to contest the suspension. Mid-City requested an administrative hearing to challenge the Office of State Police's imposition of a thirty-day suspension. The hearing was scheduled for April 5, 2016, before the Administrative Law Judge ("ALJ"). Prior to the hearing, however, Mid-City filed with the Division of Administration a "Motion to Stay Proceedings" requesting that the matter be stayed to give Mid-City the opportunity to raise constitutional questions in the 19th Judicial District Court ("19th JDC"). Mid-City maintained that the schedule of fines imposed by the Office of State Police is an unconstitutional delegation of authority. In its motion to stay, Mid-City pointed out that the administrative agency lacks jurisdiction to rule on the

---

[1] Possession of a valid storage inspection license is required for a towing company that conducts nonconsensual tows. See LAC 55:I.1930(B) and La. R.S. 32:1717.1.

2

constitutionality of its own rules, and that the constitutional issues must be raised in district court.

Thereafter, Mid-City filed suit in the 19th JDC for declaratory and injunctive relief under La. R.S. 49:963, alleging certain provisions of LAC 55:I.1907(A) were invalid and requesting an injunction against further enforcement of fines, suspensions, and revocations under LAC 55:I.1907. The case was assigned to District Court Judge Wilson Fields. Judge Fields ruled in favor of the Office of State Police and dismissed Mid-City's petition with prejudice. Mid-City appealed the district court's judgment to this court.

Before this court's decision in Mid-City's suit for declaratory judgment and injunctive relief, the ALJ held a hearing to consider the Office of State Police's assessment of a civil penalty and thirty-day suspension of license against Mid-City. After the hearing, the ALJ rendered a decision finding Mid-City had three violations of improper consensual tows and affirming the Office of State Police's proposed thirty-day suspension of Mid-City's license under the authority of LAC 55:I.1907 (A)(5).

On November 18, 2016, Mid-City filed in the 19th JDC a Petition for Judicial Review of the Administrative Decision and sought a stay pending judicial review of the ALJ's decision. The suit was assigned to District Court Judge William Morvant. Initially, Mid City's request for stay was denied, but on June 19, 2017, the district court stayed the matter until Mid-City's suit for declaratory and injunctive relief in Judge Fields' division was concluded.

The review of Judge Fields' judgment ruling in favor of the Office of State Police and dismissing Mid-City's petition for declaratory and injunctive relief came before this court on appeal. This court held that the schedule of fines promulgated by the Office of State Police is invalid, because it violates constitutional provisions and that Mid-City was therefore entitled to an injunction against further enforcement

3

of the fines. Specifically, this court held that because the legislature provided no guidance or limits on the amount of fines that could be set, the delegation of legislative authority failed to satisfy the second prong of the **Schwegmann** test.[2] See **Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections,** 2018-0056 (La. App. 1st Cir. 11/7/18), 267 So.3d 165, 178. (**Mid-City 1**).

In **Mid-City 1**, this court did not consider Mid-City's argument that the license suspension provision in LAC 55:I.1907(A)(5) and license revocation provision in LAC 55:I.1907(A)(6) are invalid. In so holding, this court pointed out that La. R.S. 49:963(D) requires a plaintiff to request agency review of the validity or applicability of a rule prior to seeking declaratory judgment. However, where the allegations of invalidity or inapplicability of the rule are based on constitutional grounds, this court found that agency review is **not** a prerequisite to filing a declaratory judgment action in district court, since an administrative agency lacks jurisdiction to rule on the constitutionality of its own rules. Thus, in **Mid-City 1** this court concluded that Mid-City was not required to seek administrative review of its allegations regarding the invalidity of the Schedule of Fines in LAC 55:I.1907(A)(4) prior to filing suit for declaratory judgment because the basis for Mid-City's assertion of invalidity is that the rule is unconstitutional. Likewise, this court held that Mid-City was not required to seek prior administrative review of its allegation that the license suspension and revocation provisions in LAC 55:I.1907(A)(5) and (6) are invalid because they are unconstitutionally vague and ambiguous. This court further concluded that Mid-City's assertion that LAC 55:I.1907(A)(5) and (6) are

---

[2] Under this test, a delegation of authority to an administrative agency is constitutionally valid if the enabling statute (1) contains a clear expression of legislative policy; (2) prescribes sufficient standards to guide the agency in the execution of that policy; and (3) is accompanied by adequate procedural safeguards to protect against abuse of discretion by the agency. See **State v. Alfonso,** 99-1546 (La. 11/23/99), 753 So.2d 156, 161, interpreting **Schwegmann Bros. Giant Super Markets v. McCrory,** 237 La. 768, 787-88, 112 So.2d 606, 613 (La. 1959).

invalid because they exceeded the statutory authority of the agency is not excepted from the administrative review provisions of La. R.S. 49:963(D).

In **Mid-City 1**, this court did not have the administrative record; thus, the matter was remanded to the district court. The remand was done for a determination of whether Mid-City had satisfied the prerequisites of La. R.S. 49:963, by first seeking agency review of the validity and applicability of the rule before seeking a declaratory judgment in order to have the court consider its allegations that LAC 55:I.1907(A)(5) and (6) exceed the statutory authority of the agency. **Mid-City**, 267 So.3d at 173. With regard to Mid-City's assertion that LAC 55:I.1907(A)(5) and (6) are unconstitutionally vague and ambiguous, this court did not consider the constitutionality of those provisions. Instead, this court pointed out that constitutional issues should not be used to resolve disputes when they are resolvable by resolution of other issues, *i.e.* whether LAC 55:I.1907(A)(5) and (6) exceeded the statutory authority of the agency. **Mid-City 1**, 267 So.3d at 178.

In **Mid-City 1**, this court reversed Judge Fields' judgment insofar as it upheld the validity of the fines, vacated the judgment insofar as it held that the storage license suspension and revocation provisions do not exceed the scope of the statutory authority, and remanded the case to the district court to determine if Mid-City satisfied the prerequisites of La. R.S. 49:963. Mid-City then requested that the stay be lifted in Judge Morvant's court, and that its petition for judicial review of the ALJ's decision be heard.

Thereafter, Mid-City's petition for judicial review came before Judge Morvant for a hearing. After the hearing, Judge Morvant affirmed the ALJ's judgment in favor of the Office of State Police and dismissed Mid-City's petition for judicial review. It is from this judgment that Mid-City now appeals, contending that the district court erred in determining that the Office of State Police was authorized to suspend Mid-City's storage license, erred in failing to recognize that there is no

legislative authority for the Office of State Police to suspend or revoke storage licenses, and therefore, LAC 55:I.1907(A)(5) and (6) are unconstitutional, and erred in failing to award Mid-City attorney fees and costs.[3]

## STANDARD OF REVIEW

The Louisiana Administrative Procedure Act, at La. R.S. 49:964(G), governs the judicial review of a final decision in an agency adjudication, providing that:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

> (1) In violation of constitutional or statutory provisions;

> (2) In excess of the statutory authority of the agency;

> (3) Made upon unlawful procedure;

> (4) Affected by other error of law;

> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

> (6) Not supported and sustainable by a preponderance of the evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

Any one of the six bases listed in the statute is sufficient to modify or reverse an agency determination. **Doc's Clinic, APMC v. State ex rel. Dept. of Health and Hospitals**, 2007-0480 (La. App. 1st Cir. 11/2/07), 984 So.2d 711, 718, <u>writ denied</u>, 2007-2302 (La. 2/15/08), 974 So.2d 665.

---

[3] While Mid-City challenged both the suspension provision in LAC 55:I.1907(A)(5) as well as the revocation provision in LAC 55:I.1907(A)(6), the only issue before the ALJ was the suspension of Mid-City's license to store vehicles. Thus, we considered only Mid-City's argument regarding LAC 55:I.1907(A)(5).

When reviewing an administrative final decision, the district court functions as an appellate court. **Doc's Clinic**, 984 So.2d at 718. Once a final judgment is rendered by the district court, an aggrieved party may seek review by appeal to the appropriate appellate court. La. R.S. 49:965. On review of the district court's judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Carpenter v. State, Dept. of Health and Hospitals**, 2005-1904 (La. App. 1st Cir. 9/20/06), 944 So.2d 604, 608, writ denied, 2006-2804 (La. 1/26/07), 948 So.2d 174. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court. **Our Lady of Lake Roman Catholic Church, Mandeville v. City of Mandeville, Planning & Zoning Comm'n.**, 2013-0837 (La. App. 1st Cir. 2/3/14), 147 So.3d 186, 189. Consequently, this court will conduct its own independent review of the record in accordance with the standards provided in La. R.S. 49:964(G).

## LAW AND ANALYSIS

The Louisiana Towing and Storage Act ("the Act"), La. R.S. 32:1711 et seq., was enacted to regulate and license those who conduct towing and storage businesses in Louisiana. La. R.S. 32:1711. The legislature vested the Office of State Police with regulatory authority to administer the Act and to promulgate rules and regulations to carry out the provisions of the Act. See La. R.S. 32:1714; **Capitol City Towing & Recovery Inc. v. State ex rel. Dep't of Pub. Safety & Corr.**, 2003-0647 (La. App. 1st Cir. 2/23/04), 873 So.2d 706, 708, writ denied sub nom; **Capital City Towing & Recovery Inc. v. State ex rel. Dep't of Pub. Safety & Corr.**, 2004-0770 (La. 6/4/04), 876 So.2d 94. Subject to the provisions of the Administrative

7

Procedure Act[4] at the time of the hearing, La. R.S. 32:1714[5] gave authority to the Office of State Police to:

(1) Adopt rules and regulations to govern the towing and storage industry in Louisiana.

(2) Adopt rules and regulations to ensure that no person shall operate a towing business when they arrive at the scene of a vehicle accident without being called by the police or by the owner of the vehicle or his representative.

---

[4] La. R.S. 49:950 et. seq.

[5] Since publication of **Mid-City 1**, the Act has been amended to address not only the fine schedule determined to be unconstitutional in **Mid-City 1**, but also to include specific authorization for the Office of State Police to suspend and revoke storage licenses. The revision is highlighted as follows:

§ 1714. Powers and duties of the office of state police
The Department of Public Safety and Corrections, office of state police, subject to the provisions of the Administrative Procedure Act, shall:
* * *
(3) Adopt and levy fines for violation of this Chapter or any rule or regulation adopted pursuant to this Chapter. **The administrative fine for each violation of this Chapter, or of the regulations adopted pursuant thereto, shall not exceed the sum of five hundred dollars.**
* * *
§ 1717.1. Licensing; storage facility inspection; fee
* * *
**C. (1) The Department of Public Safety and Corrections, office of state police, may initiate an administrative action to suspend the storage license pursuant to the provisions of this Chapter for either of the following:**
**(a) Repeat violations of any provision of this Chapter.**
**(b) The failure to meet requirements for the issuance of a storage license.**
**(2) Except as otherwise provided for in R.S. 49:961(C), no suspension imposed pursuant to the provisions of this Chapter shall exceed thirty days.**
**(3) Revocation may be issued for three or more suspensions.**
**(4) Prior to the suspension or revocation of any license, the licensee shall have the opportunity for an impartial hearing held in accordance with the Administrative Procedure Act.**
**(5) For purposes of this Subsection, "repeat violations" means three or more violations of the same administrative rule or regulation within a two-year period.**
* * *
§ 1724. Administrative penalties
A. (1) Any person who fails to comply with any provision required by this Chapter shall forfeit all claims for towing services and storage of such vehicles and shall be subject to an administrative fine. Each day's failure to make such a report as required hereunder shall constitute a separate offense.
**(2) The administrative fine for each violation of this Chapter, or of the regulations adopted pursuant thereto, shall not exceed the sum of five hundred dollars.**

8

(3) Adopt and levy fines for violation of this Chapter or any rule or regulation adopted pursuant to this Chapter.

(4) Make recommendations to the office of motor vehicles in reference to the examination, issuance, suspension, or revocation of licenses for tow trucks and operators.

Pursuant to this delegation of authority in the Act, the Office of State Police promulgated LAC 55.1.1901 et. seq. Relevant to this matter, LAC 55:I.1907(A)(5), in effect at the time of the hearing, regarding suspension and revocation of a storage license provided:

> Effective January 1, 2014 suspensions may be imposed on a third or subsequent violation when a towing or storage facility has been found in violation on at least two prior and separate inspections within a 12-month period. Suspensions shall be a minimum of 30 days. Violations of these rules or the Towing and Storage Act during the suspension or a violation of the terms of the suspension shall result in an automatic revocation of the storage license.

It is well established that the Legislature, after fixing a primary standard, may confer upon administrative officers in the executive branch the power to "fill up the details" by prescribing administrative rules and regulations. **State v. Alfonso**, 99-1546 (La. 11/23/99), 753 So.2d 156, 161. As the supreme court explained, even when the legislature has properly delegated to an agency certain administrative or ministerial authority, *the regulations promulgated by the agency may not exceed the authorization delegated by the legislature.* **State v. Domangue**, 93-1953 (La. App. 1st Cir. 12/22/94), 649 So.2d 1034, 1038. An agency exercising delegated authority is not free to pursue any and all ends, but can assert authority only over those ends which are connected with the task delegated by the legislative body. The open-ended discretion to choose ends is the essence of legislative power, and it is this power that the legislature possesses and agencies lack. **State v. Alfonso**, 753 So.2d at 162.

Herein, we find that the legislature properly delegated authority to the Office of State Police to promulgate rules and regulations necessary for administration and enforcement of the Act. Therefore, the question we must consider is whether the

9

Office of State Police exceeded the authority delegated by the legislature by promulgating LAC 55:I.1907(A)(5) allowing for suspension of storage licenses. In order to answer this question, we must consider the scope of the legislature's delegation to the Office of State Police provided in the Act.

In this case, the three citations that led to the suspension of Mid-City's storage inspection license were all for improper nonconsensual tows in violation of LAC 55:I.1930, which states that tow truck company owners, operators, and employees shall comply with the provisions of La. R.S. 32:1736 when towing vehicles from private property. The Act provides that a tow truck operator who tows a vehicle in violation of La. R.S. 32:1736 shall be subject to administrative penalties and criminal penalties. Louisiana Revised Statute 32:1724, at the time of the hearing, provided for administrative penalties as follows:

> A. Any person who fails to comply with any provision required by this Chapter shall forfeit all claims for towing services and storage of such vehicles and shall be subject to an administrative fine. Each day's failure to make such a report as required hereunder shall constitute a separate offense.

> B. In accordance with the rules and regulations adopted pursuant to the Administrative Procedure Act, administrative fines shall be assessed by the deputy secretary of the Department of Public Safety and Corrections and payable to the Louisiana Towing and Storage Fund. [Footnote omitted.]

Louisiana Revised Statute 32:1725 provides for criminal penalties as follows: "Any violation of this Chapter shall be punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months, or both."

As far as licensing, the Act requires the Office of State Police to make recommendations to the Office of Motor Vehicles in reference to the examination, issuance, suspension, or revocation of licenses for tow trucks and operators. This provision references licenses for tow trucks and operators, not licenses to store motor vehicles, and it requires recommendations to be made to the Office of Motor

10

Vehicles, not to independently suspend storage licenses. Additionally, La. R.S. 32:1717.1 provides the Office of State Police the authority to promulgate rules and regulations to implement the payment of an annual fee to obtain a storage license. Specifically, La. R.S. 32:1717.1 provided at the time of the hearing that:

> A. Each towing company or storage facility which conducts non-consensual tows or non-consensual storage, or stores vehicles under the provisions of this Chapter shall pay an annual fee of one hundred dollars for a storage inspection license to the Department of Public Safety and Corrections, office of state police.

> B. The Department of Public Safety and Corrections, office of state police, subject to oversight of the House and Senate Transportation, Highways and Public Works Committees, shall promulgate rules and regulations in accordance with the Administrative Procedure Act, as are necessary, for the implementation of this Section.

After review of the Act, we conclude that the Office of State Police exceeded its authority by adopting LAC 55:I.1907(A)(5) which, provides for suspension of a storage license. In this case, the legislature in La. R.S. 32:1711, et. seq., delegated to the Office of State Police the power to adopt rules and regulations to govern the towing and storage industry in Louisiana; specifically, the Act provides the Office of State Police the authority to assess administrative and criminal penalties specifically outlined in the Act, and provides guidelines for obtaining a storage license. However, as pointed out by this court in **Mid-City 1**, suspension or revocation of a storage inspection license is not provided for in the Act. The legislature clearly, as they have now done in the revision of the Act, could have delegated to the Office of State Police the authority to suspend or revoke licenses. Having found that the regulation promulgated by the Office of State Police to suspend storage licenses exceeds the authorization delegated by the legislature and that substantial rights of the appellant have been prejudiced by the administrative findings; we reverse the district court's judgment affirming the ALJ's decision.

In its final assignment of error, Mid-City contends that it is entitled to attorney fees and costs under La. R.S. 49:965.1, which provides in pertinent part:

11

> When a small business files a petition seeking: (1) relief from the application or enforcement of an agency rule or regulation, (2) judicial review of the validity or applicability of an agency rule, (3) judicial review of an adverse declaratory order or ruling, or (4) judicial review of a final decision or order in an adjudication proceeding, the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief.

For a court to have the authority to award the expenses of an administrative proceeding, it must be shown that the "small business" (1) prevailed in court and (2) "the agency acted without substantial justification". In this matter, although Mid-City prevailed in court, the Office of State Police did not act without substantial justification. Therefore, we find Mid-City is not entitled to attorney fees or costs.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is reversed. All costs of the appeal in the amount of $2,038.00 are assessed to the State of Louisiana, Department of Public Safety and Corrections, Office of State Police.

**REVERSED.**

12